Turley, J.
delivered the opinion of the court.
This bill is filed against the defendant as executor of the last will and testament of Delia S. Hightower, to have delivered upJ to him a bill single for the sum of $257 50, executed by John G. Sims to said Delia S. Hightower in her life time: and which he claims to belong to him, by the direction of the testatrix, given to one of her executors in relation thereto, during her last sickness, and but a short time before her death.. It appears from the proof, that Delia S. Hightower had executed her will, by which she had left the mass of her estate to her brother and his children. To this will, she appointed Richard R. Hightower and H. S. Walker, executors. Richard R. Hightower was also a legatee, under the will. The morning before her death, she called him, and] told him, she wanted him to give to Walter H. Sims, the note on John G. Sims, for the sum of $257 50, and asked him, if he, as executor, could give the note to him, to which he replied/ “he expected not, that the note was included in the will.” She replied, “that it was not specified in the will, and that it might be given to him, without interfering with it.” And he then told her, that he thought it could be given to him, and promised to do so; and that he thought it probable, that if he had not so pi’omised, she would have made a codicil to her will.
Richard R. Hightower refused to prove the will, and the same was done by H. J. Walker, the other executor, who refuses to deliver up the note to complainant.
*505 It is not insisted, that this is a gooff donatio mortis causa, for want of a delivery, but, it is contendéd, that under the circumstances, a trust was created in the note in favor of the plaintiff, which should be executed by the court, upon the principles of the cases of Richardson vs. Adams and wife, 10th Yer. 273; and Wm. Wickett and wife vs. John Raby, 3 Brown’s' Parliamentary Cases, 16.
We do not think the cases are the same, or that the principles of the decisions in Richardson against Adams and wife, and Wickett and wife against Raby, are applicable to the case under consideration.
In the case of Richardson against Adams and wife, the testator, who had been the husband of Mrs. Adams, the defendant, being in a low state of health, and about to travel south, thought proper to dispose of his property, by will, before he did so, as he anticipated that he might never return. He procured his will to be written, by which he devised a large amount of property, both real and personal, -specifically to his wife, and appointed her residuary legatee of all his money, debts, dues and demands. At the time of making his will, his father was indebted to him by note in the sum of $611 50; immediately after its execution, he observed, that it was his intention to have bequeathed this note to his father, and that he wished his will altered, so as to make a bequest to that effect, but did not do so, because, he was told by the person' who drew it, that he could endorse on the back of. the note, what he wished to be done with it, and it would be as effectual as if he had mentioned it in his will. In pursuance of this advice, he did write on the back of the will. “If I never should return, I vyish this note given up to my father.” He frequently spoke to his wife on the subject, and directed her, in case of his death, to give the note to his father; which she either promised to do, or so behaved, as to satisfy him that she *506 had; that she repeatedly said after his death, that he had so instructed her, and that she would,do so. Under these circumstances, it was held that it was a fraud in the wife to claim the note, and that she was constituted in equity a trustee for the complainant; but upon the ground that she was residuary legatee, and as such, was to be benefitted or injured by the manner in which the note might be disposed of, and might therefore well bind herself in equity, by a promise to give it according to the direction of her husband: and this, more especially, when it was obvious, that but for such promise, provision would have been made for it in the will. She was then held to be a trustee, because of her being residuary legatee, and because of her promise to give, the note to the father of her husband, but for which it would have been given by a codicil. This was a strong case for relief, and wé are well satisfied that it was correctly determined.
The case of Wickett and wife against Raby, is not so strong a case in favor of the relief; but it is stronger than the one under consideration: and yet it is said by judge Story, to have gone to the very verge of the law. Pigott had left Mary, the wife of Wickett, his residuary legatee, and appointed her his executor; but in his last sickness, and a few days before his death, he made the following declaration, touching a bond due to him from Raby. “I have Raby’s bond, which I keep; I do not deliver it up, for I may live to want it more than he; but when I die, he shall have it — he shall not be asked or troubled for it.” After the death of Pigott, Raby being present at the inspection of his papers, among which was found the said bond, applied to Mary, the residuary legatee, and desired that she would make him a present of it, and to induce her to do so, he promised to be her counsel, and serve her on all occasions ; upon which she said to him, you may be easy, for it is safe in my hands. But Raby, hinting at accidents, which might put it out of her power, such as matrimony, she re *507 plied, if I marry, I will deliver the bond to you the night before. She afterwards did marry, and the bond was put in suit — -judgment was obtained at law, and a bill filed to enjoin it; charging that Pigott had given Mary, his executrix, express orders to deliver up said bond, and praying that the same might be delivered up to be cancelled. The executrix positively denied that Pigott ever gave any orders to deliver up the bond, but owned that he declared in his last sickness, and within a few days before his death, that if Raby proved her friend, and was not able to pay the bond, she might spare him, as he deserved.
The chancellor decreed in favor of the complainant, and upon an appeal to the house of lords, the decree was affirmed; the counsellors arguing, that a parol order, attended with Mr. Pigott’s declarations in his last sickness, and his express direction given to the appellant, Mary; her acknowledgment thereof, and her express promise to deliver up the bond pursuant to the directions, were sufficient evidences of trust reposed in her for that purpose, and her promises were also sufficient to enforce a performance of the trust.
Here also Mary, the defendant, was the residuary legatee, whose interest was to be affected by the delivery of the bond; her promise made in pursuance of the instructions of her testator, (which it seems from the whole case, she difi make, notwithstanding her denial in her answer,) being in relation to her own interest, and without which the testator might have expressly devised the bond to Raby, were held to be binding upon her conscience, and to create her a trustee for Raby’s benefit.
In both these cases, then the grounds of relief were: 1st. that the defendant was residuary legatee, having an interest to be effected by the promise: 2nd. An express direction on the part of the testator — and 3rd. A promise on the part of the legatee to obey the direction.
*508 But such is not the case under consideration. Richard H. Hightower was not residuary legatee; he had no interest under the will to be effected by the gift of the note to the complainant: and a promise made by him, could not affect the conscience of the residuary legatee; he had been appointed executor of the will, but this trust he never took upon himself, having refused to prove the will; how then a promise on his part to deliver the note in controversy, to the complainant, can be held to creates trust upon the residuary legatee, it is difficult to conceive.' The request made to her was no more than that a request would have been, made to any other person. And to hold that it created a trust, would be subversive of- the well established law upon gifts, mortis causa, and would expose wills to attacks by parol proof, dangerous in the extreme to all legatees claiming under them. If, in the opinion of judge Story, the case of Wickett and wife, went to the very verge of the law upon this subject, to rgive relief asked in this bill, would be, to go entirely beyond it.
The decree pf the chancellor must be reversed, and the bill dismissed.